IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE M.,[1] | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-0790-M-BT |
| | § | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § | |
| | § | |
|    Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of the Social Security Administration (the "Agency"). For the reasons explained below, the District Court should AFFIRM the Commissioner's decision.

## Background

Plaintiff was born on October 3, 1968. Administrative Record 25, 171 (A.R.) (ECF No. 17). He has less than a high education and past work experience as a forklift operator, warehouse worker, and insulation former. A.R. 25. He also has a long history of treatment for neck and back issues. A.R. 19. In December 2004, the Agency determined Plaintiff was disabled and entitled to disability insurance

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

benefits beginning on May 2, 2003. A.R. 16, 34-45. Almost thirteen years later, on May 23, 2016, the Agency determined that Plaintiff was engaging in substantial gainful activity and was no longer eligible to receive benefits after July 2013. A.R. 16, 68, 73-75.[2]

On September 19, 2016, Plaintiff filed a request for expedited reinstatement of his benefits. A.R. 16, 77. Plaintiff's request was denied initially and on reconsideration. A.R. 90-92, 108-109. Plaintiff then filed a request for an administrative hearing before an Administrate Law Judge (ALJ), which was held in Dallas, Texas, on September 8, 2017. A.R. 16. Plaintiff appeared *pro se* at the hearing and testified. A.R. 16. The ALJ issued a decision on November 3, 2017, finding that Plaintiff was not disabled from September 1, 2015—one year prior to his request for expedited reinstatement—through November 3, 2017, and therefore

---

[2] The regulations require the Commissioner to apply an eight-step evaluation process to determine if a claimant's disability and entitlement to benefits continues: (1) is the claimant engaged in substantial gainful activity; (2) does the claimant have an impairment or combination of impairments which meet or equals a listed impairment; (3) has there been medical improvement; (4) if there has been medical improvement, is it related to the claimant's ability to work; (5) if no medical improvement had been found, or if any medical improvement found was not related to the claimant's ability to work, are there any exceptions to the medical improvement standard of review; (6) if the claimant's medical improvement is related to the ability to do work, are the claimant's current impairments, in combination, "severe"; if the impairments are not severe, the claimant is no longer deemed disabled; if the impairments are severe, the evaluation continues; (7) does the claimant have sufficient residual functional capacity, despite impairments, to perform past relevant work; and (8) considering the claimant's residual functional capacity, age, education, and past relevant work, can the claimant can do other work. 20 C.F.R. § 404.1594(f)(1)-(8).

not entitled to expedited reinstatement of his benefits during that period. A.R. 16-27.

Plaintiff appealed the ALJ's November 3, 2017 decision to the Appeals Council. A.R. The Council affirmed. A.R. Plaintiff then filed this action in federal district court, in which he argues the ALJ's decision is not supported by substantial evidence because: (1) the ALJ failed to fully develop the record after Plaintiff elected to proceed *pro se* at the September 8, 2017 hearing; and (2) the ALJ failed to properly consider all the medical opinions in the record. The issues have been fully briefed, and this matter is ripe for determination.

## Legal Standards

Judicial "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" Copeland v. Colvin, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citation omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not

"reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing Cook v. Heckler, 750 F.2d 391, 392-93 (5th Cir. 1985); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support his decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## Analysis

### I.

Plaintiff appeared *pro se* at the administrative hearing on September 8, 2017. He now argues that the November 3, 2017 hearing decision that followed the September 8, 2017 hearing must be reversed because the ALJ failed to apprise him of his right to request a postponement of the hearing to obtain representation.

A claimant has a statutory right to counsel at a Social Security hearing. 42 U.S.C. § 406; *see also Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981) ("While hearings before the ALJ are not adversary in nature, a lawyer or other counsel may be of great service to claimants in administrative proceedings.") (citing *Richardson v. Perales*, 402 U.S. 389 (1971); *Goldberg v. Kelly*, 397 U.S. 254 (1970). The claimant may, however, waive this right if given sufficient information to enable him to decide intelligently whether to retain counsel or proceed *pro se*. *Clark v. Schweiker*, 652 F.2d 399, 403–404 (5th Cir. 1981). "Sufficient information"

4

includes explanations of the possibility of free counsel, a contingency agreement, and the limitation on attorney's fees awarded from past due benefits. *Id.*

At the September 8, 2017 hearing, the ALJ observed that Plaintiff appeared without an attorney and inquired as to whether had a representative. A.R. 555. Plaintiff explained to the ALJ that he had an attorney but his attorney couldn't represent him at the hearing because it was a "surprise hearing" and the attorney had a conflict on the hearing date. A.R. 555. Plaintiff stated his attorney "wanted me to postpone [the hearing] till probably January and I just couldn't, so that's why I'm here by myself." A.R. 555. The ALJ verified that Plaintiff's attorney had informed Plaintiff of his right to at least 75-days' notice of the hearing, and that Plaintiff was intentionally waiving his right to postpone the hearing. A.R. 555. The ALJ then proceeded to plainly and unequivocally inform Plaintiff of his right to representation. 556-57. The ALJ explained that a representative could help Plaintiff "obtain information about your claim, submit evidence, explain medical terms, help protect your rights and make any request or give any notice about the proceedings." A.R. 557. The ALJ also told Plaintiff a representative could not charge a fee unless the Agency approved it, and any fee approved would be capped. A.R. 557. Finally, the ALJ advised Plaintiff that he "also ha[d] the right to proceed without a representative and if you do so, I'll help you obtain relevant medical and nonmedical records." A.R. 557. In response, Plaintiff confirmed that he wanted to proceed without an attorney. A.R. 557. The ALJ then provided Plaintiff with a written waiver form, which Plaintiff reviewed and executed. *See* A.R. 557-58. This

5

record establishes that Plaintiff's waiver of his right to counsel was knowing and voluntary. *Norden v. Barnhart*, 77 F. App'x 221, 223 (5th Cir. 2003) (claimant was not deprived of due process by any failure of ALJ to advise claimant of his right to counsel where claimant received written notices of his right to representation prior to the hearing, at the hearing he was again informed of his right to representation, and he knowingly and voluntarily waived that right). Accordingly, Plaintiff is entitled to a remand only if he can prove unfairness at the hearing or clear prejudice as a result of the absence of counsel. *Green v. Weinberger*, 500 F.2d 203, 205, n.2 (5th Cir. 1974).

Plaintiff attempts to satisfy this prejudice requirement by arguing the ALJ failed to fulfill his heightened duty to fully and fairly develop the record because the ALJ did not obtain all of Plaintiff's medical records. The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). When, as here, a claimant is not represented by counsel, the ALJ owes a heightened duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Id.* (quoting *Kane v. Heckler,* 731 F.2d 1216, 1219-20 (5th Cir. 1984)) (citations and internal quotation marks omitted); *Sun v. Colvin*, 793 F.3d 502, 509 (5th Cir. 2015) (explaining that because hearings under the Social Security Act are non-adversarial, "[t]he hearing examiner has the duty, accentuated in the absence of counsel, to develop the facts fully and fairly and to probe conscientiously for all of the relevant information") (quoting W*are v.*

*Schweiker,* 651 F.2d 408, 414 (5th Cir. 1981)). A federal court will reverse the decision of an ALJ as not supported by substantial evidence if the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby. *Jones v. Astrue,* 691 F.3d 730, 733 (5th Cir. 2012).

The Fifth Circuit has described the ALJ's duty as one of developing "all relevant facts," not simply collecting all existing records. *Sun v. Colvin,* 793 F.3d at 509; *see also Castillo v. Barnhart,* 325 F.3d 550, 552–53 (5th Cir. 2003) (per curiam) (describing the ALJ's "heightened duty to scrupulously and conscientiously explore all relevant *facts*" (emphasis added)); *Brock v. Chater,* 84 F.3d 726, 728 (5th Cir. 1996) (per curiam) (describing the ALJ's "heightened duty to elicit all relevant *facts*" (emphasis added)). Consistent with that description, the court often focuses on the ALJ's questioning of the claimant in order to determine whether the ALJ gathered the information necessary to make a disability determination. *See, e.g., Brock,* 84 F.3d at 728 (finding that the ALJ satisfied his duty by "extensively question[ing] [the claimant] about his education, training, and past work history; about the circumstances of his injury; and about his daily routine, pain, and physical limitations" and by inviting the claimant to "add other relevant evidence to the record"); Cas*tillo,* 325 F.3d at 552–5 (finding that ALJ satisfied his duty where he "questioned [the claimant] and her husband regarding her age, education, ability to read and comprehend, past relevant work, impairments, vision problems, and medical testing and treatment, and gave both

[the claimant] and her husband opportunities to add anything else to the record"). Here, the ALJ a satisfied his heightened duty by questioning Plaintiff about his age and education, his past work history, the extent of his injuries, his physical limitations, and his daily routine. A.R. 561-85.

The ALJ also considered medical records produced by Plaintiff and invited him to add other relevant evidence to the record. A.R. 558-59. Contrary to Plaintiff's argument, the Fifth Circuit does not impose a duty on the ALJ to obtain all of a claimant's medical records. *Sun v. Colvin*, 793 F.3d 502, 509 (5th Cir. 2015). "Such a duty would be in tension with the C.F.R.'s explicit provision that the Commissioner will make every reasonable effort to help the claimant get medical reports from his or her own medical sources by making an initial request for evidence from the claimant's medical source and one follow up request to obtain medical evidence necessary to make a determination." *Id.* at 510 (cleaned up) (citing 20 C.F.R. § 404.1512(d)). By extensively questioning Plaintiff at the administrative hearing and providing Plaintiff the opportunity to supplement the record with additional medical evidence, the ALJ satisfied his duty to adequately develop the record.

Even if the ALJ had fallen short in fulfilling his duty, Plaintiff also has to show that he was prejudiced by the ALJ's alleged failure to fully develop the record. To establish prejudice, a claimant must show that he "could and would have adduced evidence that might have altered the result." *Kane*, 731 F.2d at 1220. Plaintiff points to no evidence that, had the ALJ developed the record further,

8

would have been adduced at the hearing and that could have changed the result. Plaintiff argues that MRI results and other medical evidence is missing from the record, but he has not produced that evidence—much less shown that it might have altered the result. Plaintiff's bare assertion that any missing evidence would have changed the ALJ's decision is not sufficient to show prejudice.

## II.

Plaintiff next contends the hearing decision is not supported by substantial evidence because the ALJ did not weigh all of the medical opinions. With respect to claims filed before March 27, 2017, the ALJ must evaluate medical opinion evidence in the manner prescribed by 20 C.F.R. § 404.1527. Under § 404.1527(a)(1), "[m]edical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." Acceptable medical sources include licensed physicians—both medical and osteopathic doctors—and licensed psychologists. 20 C.F.R. § 404.1502(a)(1)-(2). A treating source "means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1527(a)(2). "A treating source's medical opinion is entitled to controlling weight if it is (1) 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and (2) 'not inconsistent with' other substantial evidence." *Bentley v. Colvin*, 2015

9

WL 5836029, at *7 (N.D. Tex. Sept. 30, 2015) (quoting 20 C.F.R. §§ 404.1572(c)(2), 416.927(c)(2); citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). But no special deference need be accorded treating source opinions when they are not accorded controlling weight. *Ida G. v. Berryhill*, 2019 WL 1386280, at *5 (N.D. Tex. Mar. 10, 2019), *rec. adopted by* , 2019 WL 1382073 (N.D. Tex. Mar. 27, 2019). ALJs are free to assign little or no weight to treating physicians' opinions for good cause. *Newton*, 209 F.3d at 455-56 (citing *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). Good cause exists when "relative to other experts . . . the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456 (citing *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999); *Greenspan*, 38 F.3d at 237; *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994), *overruled on other grounds by Sims v. Apfel*, 530 U.S. 103, 107 (2000)).

Unless controlling weight is given to a treating source's opinion per § 404.1527(c)(2), an ALJ is to consider the following factors in determining the weight to give to "any medical opinion": (1) the physician's examining relationship; (2) the nature and extent of the treatment relationship: length of treatment and frequency of examination; (3) the support a medical source presents for its opinion, in terms of objective evidence and explanation; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician; and (6) other factors, including a medical source's amount of understanding of "our

10

disability programs and their evidentiary requirements." 20 C.F.R. § 404.1527(c). Medical sources other than treating sources do not carry the same "considerable weight," but they still must be considered. *See Robinson v. Astrue*, 271 F. App'x 394, 396 (5th Cir. 2008) (per curiam) ("Wong performed a one-time consultative examination of Robinson and therefore is not due special deference as a treating physician."); *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017).

Plaintiff contends that the ALJ did not consider medical opinions from 2012 and 2013, including opinions by Drs. Matthew Opalach, Toan Le, and Rolf Naley regarding Plaintiff's residual functional capacity (RFC). However, the ALJ properly limited his decision on Plaintiff's request for expedited reinstatement of benefits to whether Plaintiff was disabled from September 1, 2015—one year prior to his request for expedited reinstatement, through November 3, 2017—the date of the hearing decision. The opinions Plaintiff complains the ALJ failed to consider were rendered more than two years prior to the relevant period and are thus not material to the issue before the Court. Therefore, the ALJ did not err in not discussing the opinions.

## Recommendation

After reviewing the hearing decision and the administrative record, the Court finds that the ALJ applied the proper legal standards and his November 3, 2017 decision is supported by substantial evidence on the record as a whole. Therefore, the hearing decision should be AFFIRMED in all respects.

Signed August 30, 2019.

                                                                                                        _____
                                                            REBECCA RUTHERFORD
                                                            UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).